DAVID L. PRINCE, ESQ., #113599
MILES L. PRINCE, ESQ., #298823
EVAN A. CLARK, ESQ., #309697
1912 East Vernon Avenue
Suite 100
Los Angeles, California 90058
Tel. 323/234-2989 Fax. 323/234-2619

Attorney for Plaintiff, **RED CHAMBER CO.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED CHAMBER CO., | ) CASE NO. |
| | ) |
| Plaintiff, | ) COMPLAINT |
| | ) |
| vs. | ) DEMAND FOR JURY TRIAL |
| | ) |
| CERTAIN UNDERWRITERS AT | ) |
| LLOYD'S LONDON SUBSCRIBING TO | ) |
| POLICY B1333ECB150137 and | ) |
| DOES 1 through 10 | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, RED CHAMBER CO.("Red Chamber"), alleges the following claims against Certain Underwriters at Lloyd's London Subscribing to Policy B1333ECB150137 (collectively "Insurer") arising out of the shipment of various frozen seafood products from Argentina to China and Thailand between January 2016 through April 2016.

### THE NATURE OF THE ACTION

1. This is a civil action arising from the refusal of Insurer to pay amounts due and owing to Red Chamber under an

1  insurance policy, insuring Red Chamber from damage to frozen
2  seafood products that were shipped via ocean freighters.

3      2.  As more fully set forth below, Insurer failed to pay
4  amounts that are due and owing under the insurance policy in
5  connection with eight separate shipments of frozen seafood
6  products from Argentina to China and Thailand.

7      3.  The Insurer paid Red Chamber on at least one of the
8  claims submitted, but refused to pay all remaining eight claims
9  and thereby repudiated its obligation to pay on those eight
10  remaining claims despite having paid on one identical claim.

11      4.  The loss of the frozen seafood was specifically covered
12  under the insurance policy as issued by the Insurer.

13      5.  Red Chamber has suffered damages by reason of the
14  Insurer's failure to pay.

15      6.  The amount of damages that Red Chamber seeks against
16  the insurer exceeds $75,000.

17                      **PARTIES**

18      7.  Red Chamber is a California corporation in good
19  standing.  Red Chamber was incorporated on June 3, 1980 and has
20  been in continuous business since then and has become one of the
21  leading seafood companies in North America.

22      8.  Insurer is a conglomeration of individuals,
23  unincorporated associations, partnerships and/or corporations,
24  existing under various jurisdictions and currently doing
25  business in California.

26      9.  Insurer issued to Red Chamber that certain policy

27

28

1  insurance with an effective date of July 1, 2015 to June 30,
2  2016, Policy B1333ECB150137.  Such policy was fully subscribed
3  to for 100% of the exposures thereunder by Marine Cargo
4  Underwriters, part of the Insurer's conglomeration.

5  **JURISDICTION AND VENUE**

6      10.  This Court has subject matter under 28 USC §1332,
7  which establishes diversity jurisdiction in cases where, as
8  here, there is complete diversity between the parties and the
9  amount of controversy exceeds $75,000, exclusive of interest in
10  courts.

11      11.  Red Chamber is informed and believes and thereupon
12  alleges, that Insurer conducts business in the State of
13  California but is not domiciled in the State of California.

14      12.  Since Insurer, and all fictitiously named defendants,
15  are not domiciled in the State of California, there is complete
16  diversity between Red Chamber and all defendants.

17      13.  Moreover, The insurance policy specifically states as
18  follows:

19  "Jurisdiction: As per Institute Services of Suit Clause
20  CL355(01/11/1992)" which provides in part that Insurer "will
21  submit to the jurisdiction of a court of competent jurisdiction
22  within the United States of America".  The policy further states
23  "Law: This policy of insurance shall be governed by the laws of
24  California".

25      14.  Venue in the Central District of California, of the
26  United States District Court is proper pursuant to 28 USC §1391

27

28

Complaint, Demand for Jury Trial

1   in that Red Chamber has its principal place of business within
2   the district and Insurer pursuant to the terms of the policy of
3   insurance has consented to any court within the United States of
4   America.

**FACTUAL BACKGROUND**

6      15.  Red Chamber is a California based importer and
7   exporter of frozen seafood products primarily dealing in
8   shrimp products.

9      15.  Red Chamber established an affiliated entity in the
10  Republic of Argentina (Red Chambers Argentina S.A.).  Red
11  Chamber established the Argentinian operations for the
12  purposes of harvesting fresh Argentinian shrimp off the coast
13  of Argentina.  The Argentinian shrimp are harvested by ocean
14  going shrimp boats under Red Chamber's direction and control.
15  The shrimp boats off load the shrimp to a packing plant that
16  is operated by Red Chambers Argentina S.A..  The shrimp are
17  sized, graded and frozen at the plant.  The shrimp are then
18  shipped by ocean going freighters to China and Thailand for
19  further processing into finished goods.  Red Chamber has been
20  conducting this process for years.  Red Chamber has in place
21  at both the level of the fishing operation, as well as the
22  packing operation, controls to maintain the quality and
23  wholesomeness of all of the shrimp.  All of the shrimp that it
24  sent to China and Thailand for further repackaging is
25  certified by the personnel at the packing plant that the
26  shrimp is of good quality, wholesome and free of defect.

27

28

1

**THE INSURANCE POLICY**

2       16.   In order to protect against losses that could occur

3   when shipping the frozen shrimp from Argentina to either China

4   or Thailand and then to the United States from either China or

5   Thailand, Red Chamber purchased a policy of insurance as

6   issued by the Insurer under Policy B1333ECB150137.  Such

7   insurance policy had an effective date of July 1, 2015 through

8   June 30, 2016.

9       17.   The policy of insurance provided for a type of

10  insurance known as "stock throughput insurance".  The policy

11  covered conveyances by land, water or air conveyance.  As

12  herein alleged, all conveyances of the product were by water.

13      18.   The policy covers the products of fresh and frozen

14  seafood.  All of the goods subject to the claims were frozen

15  seafood.

16      19.   The policy of insurance provides for coverage

17  worldwide except for the countries of Iran, Iraq, Libya,

18  Syria, Yemen, North Korea, Myanmar, Cuba and Crimea.  None of

19  the shipments involved here involve any of the excluded

20  countries.  The only countries involved in the underlying

21  shipments are Argentina, China and Thailand.

22      20.   The policy provided for a valuation of a loss to be

23  the following:

24      "....invoice (cost) value including all charges, plus

25  paid and/or pre-paid and/or advanced and/or guaranteed

26  freight, plus 15%, plus duty if incurred".  Red Chamber is

27

28

1   therefore insured by the Insurer for the invoice value,
2   including all charges, pre-payments, advances, guaranteed
3   freight, 15% and duty.  Red Chamber is further entitled to
4   other coverages afforded under the policy.

5       21.   During the policy period of July 1, 2015 and June
6   30, 2016, Red Chamber loaded no less than 9 containers of
7   frozen shrimp for ocean transport from Argentina to China and
8   Thailand.

9       22.   Between January 2016 and April 2016, the loads of
10  frozen shrimp arrived in China and/or Thailand  in a
11  substantially deteriorated condition.  The frozen shrimp when
12  loaded in Argentina into the ocean containers was of good
13  quality, wholesome and free of defect.  When the shrimp
14  arrived in China and Thailand, they were found to be
15  "unsatisfactory condition, emitting a bad odor, and presenting
16  with evidence of decay."

17      23.   The deterioration of the shrimp product as alleged
18  herein above was to be covered under the policy of insurance.

19      24.   Red Chamber timely presented the claims to the
20  Insurer.  The Insurer assigned Engle Martin & Associates as
21  its claims administrator and adjuster for the purposes and
22  evaluating the claims for the nine containers.  Once the
23  claims were presented, Engle Martin & Associates assigned
24  claim numbers for the containers as follows:
25  ////

26

27

28

| Claim # | | | | | |
|---------|------|--------|-----------|-----------------|------------------------|
| 1000154727 | 1677 | Paid | 1/30/2016 | Yantai, China | Temperature Adulteration |
| 1000157919 | 1700 | Unpaid | 1/24/2016 | Yantai, China | Temperature Adulteration |
| 1000187436 | TH0080 | Unpaid | 3/17/2016 | Laem Chabang, TH | Damaged Load |
| 1000187447 | TH0083 | Unpaid | 4/7/2016 | Lat Krabang, TH | Damaged Load |
| 1000187457 | TH0084 | Unpaid | 4/7/2016 | Lat Krabang, TH | Damaged Load |
| 1000187461 | TH0088 | Unpaid | 4/22/2016 | Lat Krabang, TH | Damaged Load |
| 1000188662 | EO1455 | Unpaid | 3/6/2016 | Yantai, China | Damaged Load |
| 1000188663 | EO1458 | Unpaid | 3/6/2016 | Yantai, China | Damaged Load |
| 1000188668 | EO1456 | Unpaid | 3/6/2016 | Yantai, China | Damaged Load |

25.  Under the terms of the policy, each claim had a deductible of $10,000.

26.  In all total, the nine claims have a net estimated loss after the applicable deductible of $948,972.95.

27.  All claims were identical in nature.  All claims adjusted by Engle Martin & Associates reflected the description of the loss as "either temperature alteration or damaged load".

28.  In the adjustment of the claims, Eagle Martin & Associates advised Insurer that claim number 1000154727 was to be paid and the Insurer paid Red Chamber $90,406.29, hereinafter "Paid Claim".  The Paid Claim is identical in nature to all remaining unpaid claims, in that all shrimp was harvested from the ocean in the exact same manner, all shrimp was processed by Red Chambers Argentina S.A. in the exact same method, were loaded into ocean freight containers in the exact same manner.  All claims were presented within the policy period of July 1, 2015 to June 30, 2016.  All acts giving rise

1    to the claims occurred between July 1, 2015 and June 30, 2016.

2        29.   There is no differential between the Paid Claim and

3    the unpaid claims, except to the extent that Red Chamber

4    advised the Insurer that it intended not to renew the policy

5    for coverage for another policy year.  Red Chamber is informed

6    and believes and thereupon alleges that once the Insurer was

7    notified that Red Chamber intended not to renew for another

8    policy year, that the unpaid claims were repudiated.

9                    **FIRST CLAIM FOR DECLARATORY RELIEF**

10                            **AGAINST INSURER**

11        30.   Red Chamber repeats and reincorporates herein each

12   allegation contained as set forth above.

13        31.   Eight containers of frozen seafood were shipped from

14   Argentina to China and Thailand in a wholesome condition.  The

15   seafood arrived in China and Thailand in a deteriorated

16   condition and thereby is covered under the terms of the

17   policy.

18        32.   The policy requires the Insurer to pay the invoice

19   cost, plus the applicable charges as alleged above.

20        33.   The Insurer failed to pay eight claims.

21        34.   The Insurer has issued a repudiation of the eight

22   claims and thereby denying recovery.

23        35.   By reason of Red Chamber's claim for payment and the

24   Insurer's repudiation of thereof requires this Court to make a

25   determination as to this actual judicial controversy between

26   Red Chamber and the Insurer.  Red Chamber asserts that the

27

28

1   unpaid claims are covered under the policy and the Insure must

2   pay those claims, the Insurer claims asserts that the claims

3   are to be repudiated and are not to be paid under the policy.

4      36.   A judicial determination of this controversy is

5   necessary and appropriate for the parties' respective rights,

6   duties and obligations under the policy.

7           **SECOND CLAIM FOR BREACH OF CONTRACT**

8                     **AS TO INSURER**

9      37.   Red Chamber repeats and reincorporates herein each

10   allegation contained as set forth above.

11      38.   The policy of insurance provides that for

12   consideration paid by Red Chamber to the Insurer the Insurer

13   would provide insurance to Red Chamber.

14      39.   Red Chamber performed by making all payments of the

15   premium to Insurer.

16      40.   After the payment of the premium was made, Red

17   Chamber suffered a loss and submitted a claim to Insurer.

18      41.   The Insurer breached the policy of insurance when it

19   repudiated 8 of the 9 claims.  The repudiation and the breach

20   of contract occurred commencing in September 2017 when Eagle

21   Martin & Associates, pursuant to the direction of the Insurer,

22   sent repudiation of eight of the nine claims.

23      42.   As a direct and proximate result of Insurer breach

24   of the contract, Red Chamber is entitled to damages in an

25   amount to be proven at trial.

26   ///

27

28

**THIRD CLAIM FOR BREACH OF IMPLIED COVENANT**

**AND GOOD FAITH AND FAIR DEALING AGAINST INSURER**

43.  Red Chamber repeats and incorporates by reference its allegations contained herein above.

44.  Red Chamber suffered a loss that is covered under the policy of insurance issued by the Insurer to Red Chamber.

45.  Even though Red Chamber provided notice of loss to the Insurer, the Insurer has unreasonably and without justification failed to provide payment on all claims as submitted.  Instead, the Insurer paid one claim and refused to pay the remaining eight claims once the Insurer learned that Red Chamber was not going to renew the policy of insurance with the Insurer for another year.

46.  The Insurer refusal to approve the remaining eight claims was a direct result of the decision made by Red Chamber not to renew the policy of insurance for another year with the Insurer.  Such unreasonable action by the Insurer has resulted in substantial economic harm to Red Chamber including but not limited to being forcing Red Chamber to pay legal fees to vindicate its rights under the policy of insurance for amounts that the Insurer should have paid under the policy without the expenditure of such legal fees.  In addition, Red Chamber has lost use of its funds during that period of time in which the claims should have been paid but were not.

47.  Implied under the policy of insurance was that the Insurer would act in good faith and deal fairly with Red

1  Chamber and it would do nothing to interfere with Red
2  Chamber's rights to receive the benefits under the policy and
3  that the Insurer would not place its own pecuniary interest
4  ahead of that of Red Chamber.  In general, the duty requires
5  the Insurer to treat Red Chamber fairly and in good faith.
6  Instead of following that implied duty, the Insurer refused to
7  pay the claims despite paying one of the exact type of claim
8  thereby developing implausible and untenable theories as to
9  why one container could be covered and the remaining eight
10  could not be.

11      48.   The Insurer attempted to construe facts to support
12  its own position rather than that of the true facts as
13  supplied by Red Chamber to the Insurer.    Moreover, the
14  Insurer thereby forced Red Chamber to institute litigation
15  against it in order to seek payment under the policy when the
16  policy covers the claims.

17      49.   The facts of the claim demonstrate that the policy
18  covers the claim since the Insurer in fact covered and paid
19  one claim, but refused to pay remaining claims only due to the
20  economic loss of business from Red Chamber for not renewing
21  the policy for another policy year.

22      50.   The Insurer consciously withheld this information
23  from Red Chamber.

24      51.   Red Chamber had a reasonable expectation that the
25  Insurer would follow industry norms and practices with regards
26  to the policy and would cover claims when the policy provides

27

28

1  for an unambiguous obligation of the Insurer to cover the

2  claim.  The Insurer therefore acted inconsistent with the

3  reasonable expectations of Red Chamber by paying one claim and

4  denying the other eight.

5      52.  All of the acts alleged herein above by the Insurer

6  were done, authorized, ratified by the officers, directors and

7  managing agents of the Insurer with the advances knowledge or

8  conscious disregard of the officers, directors, and managing

9  agents.

10     53.  The acts of the Insurer are despicable and done with

11 the conscious disregard for the rights of Red Chamber and

12 thereby constitutes oppression, fraud, and malice, in that the

13 Insurer engaged in a series of acts to deny benefits under a

14 policy when it had already taken a position that the policy

15 provided for coverage of the claims.  This despicable conduct

16 includes but are not limited to treating one claim as a

17 covered and the remaining eight claims which are identical in

18 nature as uncovered.  The conduct therefore alleged is

19 oppressive, malicious and fraudulent within the meaning of

20 California Civil Code §3294, which would thereby entitle Red

21 Chamber to recover punitive damages against the Insurer for

22 the acts alleged hereinabove.

23     54.  As a direct and proximate result of the acts of the

24 Insurer, Red Chamber has suffered economic loss and continues

25 to suffers economic loss in amounts exceeding the

26 jurisdictional limit of this Court and that amount will be

27

28

1  proved at trial.

2  **<u>PRAYER FOR RELIEF</u>**

3      Red Chamber prays for judgment as follows:

4  **<u>As to the First Claim</u>**

5      1.  For declaration of the rights of the parties under

6  the insurance policy thereby requiring coverage for the

7  claims;

8  **<u>As to the Second Claim</u>**

9      2.  For the amount of damages to be proved at trial;

10  **<u>As to the Third Claim</u>**

11      3.  For the amount of damages to be proved at trial;

12      4.  Attorney's fees incurred for retaining the benefits

13  due Red Chamber under the policy;

14      5.  For interest on award of such damage and fees;

15      6.  For punitive damages to be determined at trial.

16  **<u>As to the First, Second and Third Claims</u>**

17      7.  For all costs of suit herein incurred;

18      8.  For such other relief the Court may deem equitable

19  and just;

20      9.  For such other legal and equitable relief that the

21  Court may thereafter award.

22

23  Dated: March 5, 2018

24                                    /s/ David L. Prince
                                   DAVID L. PRINCE, #113599
25                                   Attorney for Plaintiff,
                                   RED CHAMBER CO.

26

27
                                        13
28                        Complaint, Demand for Jury Trial

1

**DEMAND FOR TRIAL BY JURY**

2        Red Chamber Co., pursuant to Federal Rules of Civil

3   Procedure 38, demands a trial by jury on all claims so

4   triable.

5   Dated: March 5, 2018

                                    /s/ David L. Prince
6                                   DAVID L. PRINCE, #113599
                                    Attorney for Plaintiff,
7                                   RED CHAMBER CO.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28