**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LYNN L. KRIEGER, SB# 209592
  E-Mail: Lynn.Krieger@lewisbrisbois.com
JORDON E. HARRIMAN SB# 117150
  E-Mail: Jordon.Harriman@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant TOKIO
MARINE KILN SYNDICATES
LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RED CHAMBER CO, <br><br> Plaintiff, <br><br> vs. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY B1333ECB150137 and DOES 1 through 10, <br><br> Defendant. | CASE NO. 2:18-CV-01835-SS <br><br> **ANSWER TO COMPLAINT** <br><br> Demand for Jury Trial <br><br> Trial Date:     None Set |

Defendant TOKIO MARINE KILN SYNDICATES LIMITED ("TMKS"), on behalf of Policy B1333ECB150137, and improperly named herein as "CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY B1333ECB150137" hereby answers the Complaint filed herein, and each cause of action thereof, as follows:

**NATURE OF THE ACTION**

1.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 1 regarding events surrounding the coverage afforded Plaintiff under the subject policy, or the refusal to pay Plaintiff under the

**ANSWER TO COMPLAINT**

1   policy and on those bases denies the allegations.

2        2.     Denied.

3        3.     Denied.

4        4.     Denied.

5        5.     Defendant lacks sufficient information or knowledge to form a belief as

6   to the truth of the allegations in Paragraph 5 and on that basis, denies the allegations

7   in Paragraph 5.

8        6.     Defendant lacks sufficient information or knowledge to form a belief as

9   to the truth of the allegations in Paragraph 6 and on that basis, denies the allegations

10  in Paragraph 6.

11  **PARTIES**

12       7.     Paragraph 7 contains no charging allegations against the responding

13  Defendant, and therefore requires no answer. To the extent Plaintiff argues

14  Paragraph 7 contains charging allegations against the responding Defendant,

15  Defendant lacks sufficient information or knowledge to form a belief as to the truth

16  of the allegations in Paragraph 7 and on that basis, denies the allegations in

17  Paragraph 7.

18       8.     Admitted.

19       9.     Defendant admits the issuance of Policy B1333ECB150137 to entities

20  listed as Assureds, one of which is Red Chamber Company, with effective dates of

21  July 1, 2015 through June 30, 2016. Defendant pleads the full terms, conditions,

22  exclusions, limitations and endorsements of said policy as if pled herein in full and

23  denies the remaining allegations in Paragraph 9.

24  **JURISDICTION AND VENUE**

25       10.     Defendant admits this Court has subject matter jurisdiction under 28

26  USC section 1332. The remaining allegations in Paragraph 10 contain no charging

27  allegations against the responding Defendant, and therefore require no answer. To

28  the extent Plaintiff argues Paragraph 10 contains charging allegations against the

4841-3079-2549.1

2

**ANSWER TO COMPLAINT**

1   responding Defendant, Defendant lacks sufficient information or knowledge to form

2   a belief as to the allegations of Paragraph 10 and on that basis denies the allegations

3   in Paragraph 10.

4         11.     Admitted.

5         12.     Admitted.

6         13.     Admitted.

7         14.     Admitted.

8                          **FACTUAL BACKGROUND**

9         15.     Paragraph 15 contains no charging allegations against the responding

10  Defendant, and therefore requires no answer. To the extent Plaintiff argues

11  Paragraph 15 contains charging allegations against the responding Defendant,

12  Defendant lacks sufficient information or knowledge to form a belief as to the

13  allegations of Paragraph 15 and on that basis denies the allegations in Paragraph 15.

14        15.     (Plaintiff numbering error.) The second Paragraph 15 contains no

15  charging allegations against the responding Defendant, and therefore requires no

16  answer. To the extent Plaintiff argues Paragraph 15 contains charging allegations

17  against the responding Defendant, Defendant lacks sufficient knowledge or

18  information to form a belief as to the truth of those allegations and on that basis,

19  denies the allegations in the second Paragraph 15.

20                         **THE INSURANCE POLICY**

21        16.     The issuance of Policy B1333ECB150137 with effective dates of July

22  1, 2015 through June 30, 2016 to entities listed as Assureds, one of which is Red

23  Chamber Company is admitted. Defendant pleads the full terms, conditions,

24  exclusions, limitations and endorsements of said policy as if pled herein in full.

25  Defendant lacks sufficient information or knowledge to form a belief as to the

26  remaining allegations of Paragraph 16 and on that basis denies the remaining

27  allegations in Paragraph 16.

28        17.     Defendant admits that the "type" of insurance provided under Policy

CHZ IV
EULVER IV
EWJ DDUG
) VP WK OOS
DW8l UQ KV DW OOZ

4841-3079-2549.1                                           3
**ANSWER TO COMPLAINT**

1  B1333ECB150137 was "Stock Throughput Insurance, " the full terms, conditions,

2  exclusions, limitations and endorsements of which are pled herein in full.  Some

3  allegations of Paragraph 17 are conclusions of law which require no response on

4  behalf of Defendant, but to the extent a response is necessary, those allegations are

5  denied. Defendant lacks sufficient information or knowledge to form a belief as to

6  the remaining allegations of Paragraph 17 and on that basis denies the remaining

7  allegations in Paragraph 17.

8       18.    Some allegations of Paragraph 18 are conclusions of law which require

9  no response on behalf of Defendant, but to the extent a response is necessary, those

10 allegations are denied. Defendant lacks sufficient information or knowledge to form

11 a belief as to any remaining allegations of Paragraph 18 and on that basis denies any

12 remaining allegations in Paragraph 18.

13      19.    Some allegations of Paragraph 19 are conclusions of law which require

14 no response on behalf of Defendant, but to the extent a response is necessary, those

15 allegations are denied. Defendant lacks sufficient information or knowledge to form

16 a belief as to the remaining allegations of Paragraph 19 and on that basis denies the

17 remaining allegations in Paragraph 19.

18      20.    Defendant admits specific portion of Policy B1333ECB150137 is

19 accurately quoted, but pleads the full terms, conditions, exclusions, limitations and

20 endorsements of said policy as if pled herein in full.  Some allegations of Paragraph

21 18 are conclusions of law which require no response on behalf of Defendant, but to

22 the extent a response is necessary, those allegations are denied. Defendant lacks

23 sufficient information or knowledge to form a belief as to the remaining allegations

24 of Paragraph 20 and on that basis denies the remaining allegations in Paragraph 20.

25

26      21.    Defendant lacks sufficient information or knowledge to form a belief as

27 to the allegations of Paragraph 21 and on that basis denies the allegations in

28 Paragraph 21.

CHZ IV
EUIVER IV
EIWJ DDUG
) VP I#K OOS
D468 UQ KV DW0D2

4841-3079-2549.1                                    4
**ANSWER TO COMPLAINT**

22.     Defendant lacks sufficient information or knowledge to form a belief as to the allegations of Paragraph 22 and on that basis denies the allegations in Paragraph 22.

23.     Some allegations of Paragraph 23 are conclusions of law which require no response on behalf of Defendant, but to the extent a response is necessary, those allegations are denied. Defendant pleads the full terms, conditions, exclusions, limitations and endorsements of said policy as if pled herein in full. Defendant lacks sufficient information or knowledge to form a belief as to the allegations of Paragraph 23 and on that basis denies the allegations in Paragraph 23.

24.     Defendant admits that Red Chamber presented its claims, that Engle Martin & Associates were assigned for purposes of evaluating the nine claims, and that various claim numbers were assigned. Defendant lacks sufficient information or knowledge to form a belief as to the remaining allegations of Paragraph 24 and on that basis denies the remaining allegations in Paragraph 24.

25.     Defendant admits that Policy B1333ECB150137 stated "All claims resulting from any one occurrence or series of occurrences arising out of one event, shall be adjusted as one claim, and from the amount of such adjusted claim there shall be deducted" among other deductions stated, a "transit" deductible of $10,000." All other allegations in Paragraph 25 are denied.

26.     Defendant lacks sufficient information or knowledge to form a belief as to the allegations of Paragraph 26 and on that basis denies the allegations in Paragraph 26.

27.     The allegations of Paragraph 26 are denied.

28.     Defendant admits that it paid $90,406.29 toward Engle Martin claim number 1000154727. Defendant lacks sufficient information or knowledge to form a belief as to the remaining allegations of Paragraph 28 and on that basis denies the remaining allegations in Paragraph 28.

29.     Defendant denies the allegations of Paragraph 29.

**ANSWER TO COMPLAINT**

1    **FIRST CLAIM FOR DECLARATORY RELIEF AGAINST INSURER**

2    30.    In response to the allegations of Paragraph 30, Defendant repeats and

3    incorporates herein each response to the allegations as set forth above.

4    31.    Some allegations of Paragraph 31 are conclusions of law which require

5    no response on behalf of Defendant, but to the extent a response is necessary, those

6    allegations are denied. Defendant pleads the full terms, conditions, exclusions,

7    limitations and endorsements of said policy as if pled herein in full. Defendant lacks

8    sufficient information or knowledge to form a belief as to the remaining allegations

9    of Paragraph 31 and on that basis denies those allegations in Paragraph 31.

10    32.    Some allegations of Paragraph 32 are conclusions of law which require

11    no response on behalf of Defendant, but to the extent a response is necessary, those

12    allegations are denied. Defendant pleads the full terms, conditions, exclusions,

13    limitations and endorsements of said policy as if pled herein in full. Defendant lacks

14    sufficient information or knowledge to form a belief as to the remaining allegations

15    of Paragraph 32 and on that basis denies the remaining allegations in Paragraph 32.

16    33.    The allegations of Paragraph 33 are conclusions of law which require no

17    response on behalf of Defendant, but to the extent a response is necessary, those

18    allegations are denied. Defendant pleads the full terms, conditions, exclusions,

19    limitations and endorsements of said policy as if pled herein in full.

20    34.    The allegations of Paragraph 34 are conclusions of law which require

21    no response on behalf of Defendant, but to the extent a response is necessary, those

22    allegations are denied. Defendant pleads the full terms, conditions, exclusions,

23    limitations and endorsements of said policy as if pled herein in full.

24    35.    The allegations of Paragraph 35 are conclusions of law which require

25    no response on behalf of Defendant, but to the extent a response is necessary, those

26    allegations are denied. Defendant pleads the full terms, conditions, exclusions,

27    limitations and endorsements of said policy as if pled herein in full.

28    36.    The allegations of Paragraph 36 are conclusions of law which require

1  no response on behalf of Defendant, but to the extent a response is necessary, those

2  allegations are denied. Defendant pleads the full terms, conditions, exclusions,

3  limitations and endorsements of said policy as if pled herein in full.

4  **SECOND CLAIM FOR BREACH OF CONTRACT AS TO INSURER**

5  37.     In response to the allegations of Paragraph 37, Defendant repeats and

6  incorporates herein each response to the allegations as set forth above.

7  38.     The allegations of Paragraph 38 are conclusions of law which require

8  no response on behalf of Defendant, but to the extent a response is necessary, those

9  allegations are denied. Defendant pleads the full terms, conditions, exclusions,

10  limitations and endorsements of said policy as if pled herein in full.

11  39.     Defendant denies that performance is complete simply by making all

12  payments of the premium to Insurer. The allegations of Paragraph 39 are

13  conclusions of law which require no response on behalf of Defendant, but to the

14  extent a response is necessary, those allegations are denied. Defendant pleads the

15  full terms, conditions, exclusions, limitations and endorsements of said policy as if

16  pled herein in full.

17  40.     Defendant lacks sufficient knowledge or information to form a belief as

18  to the truth of the allegations of Paragraph 40 and on that basis, denies the

19  allegations in Paragraph 40.

20  41.     The allegations of Paragraph 41 are conclusions of law which require

21  no response on behalf of Defendant, but to the extent a response is necessary, those

22  allegations are denied. Defendant pleads the full terms, conditions, exclusions,

23  limitations and endorsements of said policy as if pled herein in full.

24  42.     The allegations of Paragraph 42 are conclusions of law which require

25  no response on behalf of Defendant, but to the extent a response is necessary, those

26  allegations are denied. Defendant pleads the full terms, conditions, exclusions,

27  limitations and endorsements of said policy as if pled herein in full.

28  / / /

## THIRD CLAIM FOR BREACH OF IMPLIED COVENANT AND GOOD FAITH AND FAIR DEALING AGAINST INSURER

43.     In response to the allegations of Paragraph 43, Defendant repeats and incorporates herein each response to the allegations as set forth above.

44.     The allegations of Paragraph 44 are conclusions of law which require no response on behalf of Defendant, but to the extent a response is necessary, those allegations are denied. Defendant pleads the full terms, conditions, exclusions, limitations and endorsements of said policy as if pled herein in full.

45.     The allegations of Paragraph 45 are conclusions of law which require no response on behalf of Defendant, but to the extent a response is necessary, those allegations are denied. Defendant pleads the full terms, conditions, exclusions, limitations and endorsements of said policy as if pled herein in full.

46.     Some allegations of Paragraph 46 are conclusions of law which require no response on behalf of Defendant, but to the extent a response is necessary, those allegations are denied. Defendant pleads the full terms, conditions, exclusions, limitations and endorsements of said policy as if pled herein in full. Defendant denies all other allegations in Paragraph 46.

47.     Some allegations of Paragraph 47 are conclusions of law which require no response on behalf of Defendant, but to the extent a response is necessary, those allegations are denied. Defendant pleads the full terms, conditions, exclusions, limitations and endorsements of said policy as if pled herein in full. Defendant denies all other allegations in Paragraph 46.

48.     Defendant denies the allegations of Paragraph 48.

49.     Some allegations of Paragraph 49 are conclusions of law which require no response on behalf of Defendant, but to the extent a response is necessary, those allegations are denied. Defendant pleads the full terms, conditions, exclusions, limitations and endorsements of said policy as if pled herein in full. Defendant denies all other allegations in Paragraph 49.

CHZ IV
EUIVER IV
ETAJ DDUG
) VP MK CCS
DMR UQ KV DKCCZ

4841-3079-2549.1

8

**ANSWER TO COMPLAINT**

50.     Defendant denies the allegations of Paragraph 50.

51.     Some allegations of Paragraph 51 are conclusions of law which require no response on behalf of Defendant, but to the extent a response is necessary, those allegations are denied. Defendant pleads the full terms, conditions, exclusions, limitations and endorsements of said policy as if pled herein in full. Defendant lacks sufficient information or knowledge to form a belief as to the remaining allegations of Paragraph 51 and on that basis denies those allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     The allegations of Paragraph 53 are conclusions of law which require no response on behalf of Defendant, but to the extent a response is necessary, those allegations are denied. Defendant pleads the full terms, conditions, exclusions, limitations and endorsements of said policy as if pled herein in full. Defendant denies the remaining allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE

Defendant is informed and believes, and on the basis of that information and belief alleges, that the Plaintiff has unreasonably failed to act in such a manner as to mitigate the damages of which it complains.

### SECOND AFFIRMATIVE DEFENSE – INSURED'S BREACH OF CONTRACT

Defendant is informed and believes, and on the basis of that information and belief alleges, that the Plaintiff failed to perform all obligations under Policy B1333ECB150137, including but not limited to obligations to cooperate in Defendant' investigation of the bases for Plaintiff's claims.

/ / /

/ / /

**ANSWER TO COMPLAINT**

**THIRD AFFIRMATIVE DEFENSE – LACK OF COVERAGE**

Defendant is informed and believes, and on the basis of that information and belief alleges, that Plaintiff's claims are not covered due to terms, conditions, exclusions, limitations, endorsements and/or failure to fall within the definitions of Policy B1333ECB150137 and Defendant pleads the full Policy B1333ECB150137 in defense of these claims.

**FOURTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED**

Defendant is informed and believes, and on the basis of that information and belief alleges, that Plaintiff failed to state a claim on which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS/COMPARATIVE BAD FAITH**

Defendant is informed and believes, and on the basis of that information and belief alleges, any bad faith alleged by Plaintiff was the result of Plaintiff's own comparative bad faith in satisfying its own obligations under Policy 1333ECB150137.

**SIXTH AFFIRMATIVE DEFENSE - ESTOPPEL**

Defendant is informed and believes, and on the basis of that information and belief alleges, Plaintiff is estopped from asserting its claims in part due to Plaintiff's failure to provide evidence and documents sufficient to allow Defendant to fully investigate the bases for Plaintiff's claims.

**COMPARATIVE NEGLIGENCE OF OTHER PARTIES**

Should it be found that Defendant is liable in any manner for any damages claimed by Plaintiff, which damages were caused and/or contributed to by parties other than Defendant, including Plaintiff, the proportionate degree of negligence, fault, and/or legal responsibility of each and every person or entity must be determined and prorated and any judgment that may be rendered against Defendant must be reduced not only by the degree of negligence, fault or legal responsibility

1   attributable to Plaintiff, but also by the total of that degree of negligence, fault
2   and/or others legal responsibility found to exist as to the other parties, persons
3   and/or entities as well.

4

5                        **PRAYER FOR RELIEF**

6          WHEREFORE, Defendant prays that Plaintiff takes nothing by reason of the
7   Complaint on file herein, and that said Complaint, and each claim for relief therein,
8   be dismissed with prejudice and at Plaintiff's cost, and that Defendant receive
9   judgment for its costs of suit and such other relief as the Court may deem proper and
10  just.

11

12

13  DATED: June 5, 2018                LEWIS BRISBOIS BISGAARD & SMITH LLP

14

15

16                                     By:  _____/S/_____
17                                          Lynn L. Krieger
                                            Jordon E. Harriman
18                                          Attorneys for Defendant TOKIO MARINE
                                            KILN SYNDICATES LIMITED

19

20

21

22

23

24

25

26

27

28

4841-3079-2549.1                              11
**ANSWER TO COMPLAINT**