LEWIS BRISBOIS BISGAARD & SMITH LLP
LYNN L. KRIEGER, SB# 209592
  E-Mail: Lynn.Krieger@lewisbrisbois.com
JORDON E. HARRIMAN SB# 117150
  E-Mail: Jordon.Harriman@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant TOKIO MARINE KILN SYNDICATES LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RED CHAMBER CO., <br><br> Plaintiff, <br><br> vs. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY B1333ECB150137 and DOES 1 through 10, <br><br> Defendant. | CASE NO. 2:18-CV-01835-SS <br><br> JOINT REPORT OF EARLY MEETING <br><br> [FRCP RULE 26(b); CD-LR 26-1] <br><br> Trial Date:    None Set |

Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's Standing Order the parties to this action, Plaintiff RED CHAMBER CO., and Defendant ("TMKS"), on behalf of Policy B1333ECB150137, and improperly named herein as "CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY B1333ECB150137," hereby submit this Joint Report of Early Meeting.

I.   **RULE 26(f) DISCOVERY PLAN**

In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(1)-(4), the parties, following a face to face meeting held on June 14, 2018,

submit the following:

### A. Proposed Changes to Rules 26(a)(1) Disclosures

The Parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a)(1), except the deadlines should be extended, and such disclosures will be made within 14 dates of the date of submitting this joint report.

### B. Discovery

The parties propose the following with regard to discovery:

#### 1. Scope and Subjects of Discovery

##### a. Plaintiff's Subjects on Which Discovery May Be Needed.

Without prejudice to its rights to seek discovery on any relevant issues, Plaintiff contemplates that it will need and seek discovery concerning: all evidentiary support from Defendants and any relevant non-party regarding Plaintiff's liability claims.

##### b. Defendants' Subjects on Which Discovery will be Needed.

Without prejudice to their rights to seek discovery on any relevant issues, Defendants contemplate that they will need and seek discovery concerning: the basis of Plaintiff's claims, theories of liability and damages, Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

##### c. Agreed Upon Methods of Discovery.

The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff, Defendants' employees and "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant witnesses.

2. **Discovery Completion Dates**

a. **Supplementations**

Supplementations under Fed. R. Civ. Proc. 26(e) are due in a reasonable time after material, relevant facts are learned, or by court order.

b. **Discovery Cut-Off**

All fact discovery shall be completed by all parties on or before April 2019. This case involves multiple shipments in various countries, with a pre-shipment storage facility in Argentina. The potentially relevant documents and witnesses likely will be difficult to obtain within a shorter period of time.

3. **Protocol for Electronically-Stored Information Disclosure**

Protocol for discovery of electronically stored information should be handled as follows:

For documents under the control of either party:

a. All electronic files are to be produced in their native format as kept in the ordinary course of business, along with any program used to open those files. Metadata shall not be removed from any file prior to production.

b. If any electronic file cannot reasonably be produced in its native format, all documents within that file are to be produced electronically in optical character recognized (also known as "OCR"-ed) portable document format (PDF), accompanied by a declaration from counsel explaining the reason the electronic file could not be produced in its native format.

4. **Procedures for Resolving Disputes Regarding Claims of Privilege**

The parties agree to use the procedures set forth in Fed. R. Civ. Proc. Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation. The parties request that this proposed procedure be adopted within the court's further orders.

### 5. Changes in Discovery Limitations

The parties do not request any changes in the discovery limitations set forth in the FRCP.

## II. THE MATTER IS NOT COMPLEX

The parties agree that the matter is not complex such that any portion of Manual for Complex Litigation should be utilized in managing the matter.

## III. PROPOSED MOTION AND TRIAL SCHEDULE

A. The parties propose that the time for filing non-dispositive motions shall be within 30 days of close of fact discovery. The parties propose that the time for filing dispositive pre-trial motions shall be within 60 days of close of fact discovery.

B. Pretrial Disclosures – All pretrial disclosures will be exchanged on or before 30 days prior to trial. Any objections to pretrial disclosures will be governed by Fed. R. Civ. Proc. 26(a)(3)(B).

C. The parties propose that the time for a final pre-trial conference date shall be 14 days before trial.

D. The parties propose that the time for trial shall be October 2019 or as soon thereafter as the Court deems appropriate.

## IV. SETTLEMENT AND ADR

If the parties are unable to resolve the case informally, the parties elect to appear before a neutral selected from the Court's mediation panel. The parties propose that a private mediation session occur by or before December 28, 2018.

## V. TRIAL TIME ESTIMATE

Trial is currently expected to last 10-12 days.

## VI. ADDITIONAL PARTIES

The parties do not anticipate any additional parties being added to the case. The parties propose that the deadline for amending the complaint to identify DOE defendants be within 10 days of close of fact discovery.

VII. **PROPOSED EXPERT DISCOVERY SCHEDULE**

Deadlines for disclosure of the identities of expert witnesses that each party may use at trial to present evidence, and any written report from an expert witness required under Fed. R. Civ. Proc. 26(a)(2)(B) will be filed by August 31, 2019.

Rebuttal expert reports will be filed by September 28, 2019.

DATED: June 28, 2018

By: ___/S/___
David L. Prince
Miles L Prince
Evan A. Clark
Attorneys for Plaintiff RED CHAMBER CO.

DATED: June 28, 2018      LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ___/S/___
Lynn L. Krieger
Jordon E. Harriman
Attorneys for Defendant TOKIO MARINE KILN SYNDICATES LIMITED